**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN K. ADAMS, # A-97885,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 15-cv-00604-NJR** |
| | **)** | |
| **MENARD CORRECTIONAL CENTER HEALTH CARE ADMINISTRATOR, WEXFORD HEALTH SOURCES, DAVID KETTLEKAMP, and JEFF LESTER,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff John K. Adams, who is currently incarcerated at Dixon Correctional Center ("Dixon"), brings this action pursuant to 42 U.S.C. § 1983. Now before the Court for consideration is Plaintiff's first amended complaint (Doc. 12). In it, Plaintiff brings two distinct sets of claims: (1) those arising from his confinement at Menard Correctional Center ("Menard") from 2011-13; and (2) those arising after his release on parole in February 2013. Within each of these categories, Plaintiff's claims are numerous and, due to poor handwriting, difficult to decipher.

What is clear is that Plaintiff has attempted to improperly join unrelated claims against different defendants in a single action, in violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 18, 20. He has also filed a pleading that is largely illegible and written in narrative form, in violation of Local Rule 5.1(b) and Rule 10 of the Federal Rules of Civil Procedure. *See* SDIL-LR 5.1(b); FED. R. CIV. P. 10.

Before the Court conducts its preliminary review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff will be required to address these deficiencies by filing a second amended complaint. Instructions for doing so are set forth in this Order. Plaintiff is warned that failure to comply with this Order will likely result in dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure.

**Improper Joinder**

Rule 18 permits a party to join "as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Rule 20 permits a plaintiff to join as many defendants as he wants in a single action, as long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" ***and*** "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A), (B). Under these rules, the Seventh Circuit has held that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The law is clear. Unrelated claims against different defendants belong in separate lawsuits. *Id.* at 607. A litigant "cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This prohibition against multi-defendant, multi-claim suits avoids the procedural "morass" often associated with such cases, while ensuring that prisoners pay the necessary fees and incur strikes in a manner that is consistent with the Prison Litigation Reform Act ("PLRA"). *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).

The amended complaint violates the rules of joinder. *See* FED. R. CIV. P. 18, 20. The pleading includes two sets of claims. The first pertains to the conditions of Plaintiff's confinement at Menard from 2011-13; Menard's health care administrator and Wexford Health Sources are identified in connection with these claims. The second relates to the conditions that Plaintiff encountered when he was released on parole in February 2013; David Kettlekamp (parole officer) and Jeff Lester (parole supervisor) are named in connection with these claims. The two sets of claims should have been filed as two separate lawsuits (and possibly more). Instead, Plaintiff improperly brought both in a single action. Plaintiff now has two options to correct this error.

Plaintiff's first option is to proceed with only one set of claims by drafting a second amended complaint that focuses only on one set of claims and omits the other (e.g., his second amended complaint would either focus on the claims arising at Menard or the claims arising during his release on parole, but not both, under this scenario). If Plaintiff chooses this course of action, he will incur only one filing fee, assuming that his first set of claims all relate to one another. The other set of claims would be considered abandoned by omission in this action. *See Taylor v. Brown*, --- F.3d ---, 2014 WL 9865341, at *5 (7th Cir. June 2, 2015) (amendment of complaint is a proper method for "adding or dropping parties and claims" when they are misjoined).

Plaintiff might wonder what happens to the abandoned claims. These claims are not lost forever, by virtue of his choice to "abandon" them in this action. Rather, they are considered dismissed *without prejudice* from this action. This means that Plaintiff is free to file a separate action in order to pursue the "abandoned" claims. When doing so, he must remain mindful of the applicable statute of limitations, which "for [Section] 1983 actions in Illinois is two years."

*O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). A new complaint filed in a separate action will not relate back to the original complaint that he filed in this action for statute of limitations purposes.

Plaintiff's second option would be to re-plead both sets of claims in his second amended complaint and let the Court decide how to divide them into one or more additional cases. If he chooses this route, Plaintiff must file a second amended complaint setting forth each set of claims in separate sections, entitled "Claims Arising at Menard" and "Claims Arising During Plaintiff's Release on Parole." In each section, Plaintiff must set forth, in numbered paragraphs, what each defendant did to violate his rights. *See* FED. R. CIV. P. 10. He should be careful to state exactly when, where, and by whom his rights were violated. To the extent possible, Plaintiff should also include the factual allegations in chronological order. At the conclusion of each section, he is required to set forth his request for relief, as it relates to that section.

If Plaintiff chooses this latter route, the Court will exercise its inherent authority under Rule 21 to sever claims against different defendants into separate actions. *See* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim. . . ."). The Court will then open one or more additional cases for each of the severed claims. A separate filing fee will be assessed in each new action, and Plaintiff will be obligated to pay the filing fee in all of the severed cases, as well as this one, whether or not the case survives threshold review pursuant to 28 U.S.C. § 1915A. Each case will be separately screened pursuant to Section 1915A. *See Wheeler*, 689 F.3d at 683 (district court may "creat[e] multiple suits" before preliminary review in a misjoinder situation).

In fact, Plaintiff should be aware that the Court may exercise its authority under Rule 21 to sever unrelated claims against different defendants into separate actions, *regardless* of which

option he chooses. The Court is simply allowing him the first opportunity to decide which claims to pursue in each action before taking this decision out of his hands and, along with it, any control over the additional filing fees he may incur.

Plaintiff shall have thirty-five (35) days from the date of this Order to decide which of these two paths he wishes to take. If he opts to take the first path, he must file a "Second Amended Complaint" that refers to this case number and includes only one set of claims (either those claims arising at Menard or those claims arising after his release on parole). If he opts to take the second path, he must file a "Second Amended Complaint" that also refers to this case number and clearly divides the two sets of claims into separate sections, clearly setting forth when, where, and by whom his rights were violated. As discussed in more detail below, the pleading must be legible. Either way, the Court will defer its preliminary review of the pleading pursuant to Section 1915A, until Plaintiff files a properly prepared, legible pleading. Finally, if Plaintiff takes no action in response to this Order or fails to comply with the Order, the Court will dismiss this case under Rule 41(b).[1]

**Form of Pleadings**

Plaintiff continues to file illegible pleadings that set forth his claims in narrative form. Rule 10 requires a plaintiff to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). And, if doing so promotes clarity, a plaintiff must also set forth each claim that is "founded on a separate transaction or occurrence . . . in a separate count or defense." *Id.*

On a more rudimentary level, the pleadings must be legible. This Court's local rules require pleadings that are presented for filing in this District to be "plainly typewritten, printed,

[1] Dismissals pursuant to Rule 41(b) are generally *with* prejudice and may also result in the assessment of a "strike" for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 41(b).

or prepared by a clearly legible duplication process and double-spaced." *See* SDIL-LR 5.1(b). Pursuant to this rule, the Court entered an order striking the original complaint and directing the clerk to return the pleading to Plaintiff. *See* SDIL-LR 8.1(b) (stating that "[t]he Court, in its discretion, may strike and direct the return of any defective pleading."). Plaintiff was ordered to file a legible first amended complaint on or before July 8, 2015 (Doc. 10). He was warned that failure to comply with the order could result in dismissal of the action pursuant to Rule 41(b).

Although Plaintiff met the deadline for filing the first amended complaint, the Court can hardly conclude that the pleading complies with the Order to file a legible document (Doc. 10). What begins as legible print in the initial sections of the pleading deteriorates into the same cursive scribbles and symbols that led the Court to strike Plaintiff's original complaint. If Plaintiff could write legibly on pages 1-5 of his first amended complaint, then he was also capable of writing legibly on pages 6-16. If his hand grew weary, he could have taken a break—or several. After all, Plaintiff had thirty-five days to prepare the pleading.

The first amended complaint also violates Rule 10(b). Rather than setting forth each claim in separate number paragraphs, Plaintiff sets forth the factual allegations in narrative form. The Court is left to figure out what claims Plaintiff has asserted, or attempted to raise, against each defendant. This is not the Court's obligation. Plaintiff should have organized the pleading into discrete sections and separated his allegations into numbered paragraphs that are either organized in chronological order or according to the claims he is bringing against each defendant (or both).

The Court is well aware of Plaintiff's many health issues. Although the Court has been forced to piece together many of the allegations in Plaintiff's pleadings due to his illegible

handwriting, the Court found no allegations suggesting that Plaintiff is incapable of legible handwriting. In fact, the first amended complaint demonstrates that he is certainly capable of it.

Although the Court will not dismiss this action based on Plaintiff's failure to comply with the Court's Order to submit a legible pleading at this time, the Court still deems it necessary to strike the pleading for noncompliance with Local Rules 5.1(b) and 8.1(b) and direct the Clerk to return the pleading to Plaintiff for use in preparing the second amended complaint. Plaintiff will be given another opportunity to prepare a legible complaint. When doing so, Plaintiff must either use a typewriter or legible print. He should refrain from using cursive handwriting and symbols. Plaintiff's syntax, organization, and clarity of expression are otherwise acceptable.

## Pending Motions

### 1. IFP Motions (Docs. 5, 13)

Plaintiff has filed two motions seeking leave to proceed *in forma pauperis* ("IFP"). The Court must obtain clarification from Plaintiff on one point before ruling on these motions. He must clearly disclose the amount of money he has in cash or in a checking or savings account, in response to Question 4 in Document 13.

The first IFP motion did not squarely address this issue (Doc. 5). The second IFP motion did (Doc. 13, p. 2). But Plaintiff responded by scribbling a number that could either be "$25.00," "$2,500," or "$25,000" (*Id.*). The Court cannot rule on Plaintiff's motion without first receiving clarification from Plaintiff.

Plaintiff's first IFP motion (Doc. 5) is hereby **DENIED as moot**. The second IFP motion (Doc. 13) supersedes the first and contains more comprehensive and up-to-date information. Plaintiff's second IFP motion is hereby **HELD IN ABEYANCE** pending receipt of a legible response to Question 4 in Document 13.

**2. Motions for Recruitment of Counsel (Docs. 4, 14)**

Plaintiff has also filed two motions seeking the assistance of counsel in this matter (Docs. 4, 14). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). Specifically, this statute authorizes the Court to "request an attorney to represent any person unable to afford one." 28 U.S.C. § 1915(e)(1).

The Court cannot determine, at this time, whether Plaintiff is "unable to afford" an attorney to represent him under Section 1915(e)(1). This is because he did not clearly disclose the amount of money that he has in cash or in a checking or savings account in his IFP motion (Doc. 13, p. 2). Until the Court receives this information, it cannot conclude that Plaintiff is indigent.[2]

Further, when a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of

[2] The Court also notes that Plaintiff has filed four prior actions pursuant to 42 U.S.C. § 1983. *See Adams v. Duncan, et al.*, Case No. 14-cv-1311-MMM-JEH (C.D. Ill. 2011); *Adams v. Duncan, et al.*, Case No. 11-cv-432-DRH-PMF (S.D. Ill. 2011); *Adams v. Snyder, et al.*, Case No. 07-cv-593-MJR-PMF (S.D. Ill. 2007); *Adams v. Snyder, et al.*, Case No. 04-cv-869-MJR-PMF (S.D. Ill. 2004). He did not seek leave to proceed IFP in any of these cases. An attorney represented him each time.

difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The Court is unable to assess what efforts Plaintiff has made to secure counsel on his own. Although the motions were docketed almost two months apart, they were signed by Plaintiff the same day, i.e., April 20, 2015. In Document 4, Plaintiff indicates that he contacted several attorneys but received no response. In Document 14, he did not address his efforts to contact any attorneys, instead stating that he is a traumatic brain injury victim and has trouble talking on the phone. Given the lack of financial information and the lack of details regarding Plaintiff's efforts to retain counsel, the Court deems it necessary to deny both motions.

Accordingly, both motions (Docs. 4, 14) are **DENIED** without prejudice and with leave to file an updated motion for recruitment of counsel. In the updated motion, Plaintiff should describe his effort to retain counsel and attach any written responses he has received. Plaintiff should also set forth, in legible handwriting, the medical conditions and medications that impact his ability to proceed in this matter *pro se*. Once the Court receives Plaintiff's supplement to his IFP motion and an updated motion for recruitment of counsel, it will revisit this issue.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's first amended complaint (Doc. 1) is **STRICKEN** for non-compliance with Local Rule 5.1(b). *See* SDIL-LR 8.1(b). Plaintiff is **GRANTED** leave to file his second amended complaint **on or before August 14, 2015.** When preparing the pleading, it is strongly recommended that Plaintiff use the forms designed for use in this District for such actions. He should label the pleading, "Second Amended Complaint,"

and use this case number. The second amended complaint, like all pleadings filed with this Court, must be legible. SDIL-LR 5.1(b). Plaintiff must either use a typewriter or legible print; he should not use cursive handwriting or symbols. The second amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. FED. R. CIV. P. 10(b). Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed before preliminary review of each case is completed pursuant to 28 U.S.C. § 1915A. *See* FED. R. CIV. P. 21. Should Plaintiff fail to file the second amended complaint within the allotted time or consistent with the instructions set forth in this Order, this action shall be dismissed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) and motion for recruitment of counsel (Doc. 14) are **DENIED** without prejudice and with leave to file an updated motion for recruitment of counsel.

**IT IS ALSO ORDERED** that Plaintiff's first IFP motion (Doc. 5) is **DENIED as moot**. His second IFP motion (Doc. 13) is **HELD IN ABEYANCE** pending receipt of clarification regarding the amount of money Plaintiff has in cash or in a checking or savings account. Plaintiff is **ORDERED** to file a document, entitled "Supplement to Second IFP Motion," in which he clarifies the amount of money that he listed in response to Question 4 in Document 13. This document is due **on or before August 14, 2015.** Failure to provide this information shall

result in the denial of Plaintiff's IFP motion, based on his failure to comply with a court order. *See* FED. R. CIV. P. 41(b).

To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and a blank motion for recruitment of counsel.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 10, 2015

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**