IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *JOHN K. ADAMS, #A97885,* | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 3:15-cv-00604-NJR-DGW |
| *MENARD CORRECTIONAL CENTER HEALTH CARE ADMINISTRATOR, UNKNOWN CERTAIN DOCTORS AND NURSES AT MENARD, and MENARD CORRECTIONAL CENTER WARDEN,* | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Non-Party, Wexford Health Sources, Inc. ("Wexford") seeks entry of a Protective Order relative to the policies and procedures it produced in response to paragraphs 1 and 2 of Rider 1 to the subpoena issued to Wexford by Plaintiff. A Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure to protect the proprietary nature of many of the documents sought and to maintain institutional security. The Court being fully advised in the premises, it is hereby ordered:

1. Copies of the documents Wexford produces in this action in response to paragraphs 1 and 2 of Rider 1 to the subpoena issued to Wexford by Plaintiff and stamped with the phrase "Confidential and Subject to Protective Order" (the "protected documents") shall be protected and given confidential treatment as described in this Order.

2. Plaintiff's counsel can obtain a copy of such documents but must comply with all other provisions herein. Plaintiff's counsel may discuss the content of the documents with the plaintiff, but may not provide plaintiff with copies of the documents.

3. These protected documents shall be maintained in confidence by counsel and shall not be disclosed to any person except:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Counsel for Defendants;

    d. Employees of counsel; and

    e. Experts retained in this litigation.

4. Except as otherwise provided by this Order or by further order of the Court, the protected documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraphs 2 and 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

5. Individuals or entities permitted access to protected documents pursuant to Paragraph 3 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

6. Any party may apply to the Court for relief from, or modification of, this Order.

7. After the production of protected documents, counsel for the Plaintiff may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the protected documents. If the parties

are unable to reach an agreement as to the designation of the document, the parties shall be entitled to request that the Court Court determine whether the document is properly designated as Confidential.

8. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

9. This Order shall not prevent any of the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

10. Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy or return the protected documents.

11. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court. Anyone with knowledge of the contents of this order shall be bound by its terms.

12. In the event that any party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (With the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document[s] or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int.,*

*Inc. v. Abbot Labs.* 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras,* 585 F.3d 1061, 1073 - 76 (7th Cir. 2009).  Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record.

**IT IS SO ORDERED.**

**DATED: June 27, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**